UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------
MARK H. MILLER
on behalf of himself and
all other similarly situated consumers

                        Plaintiff,

          -against-


TRANSWORLD SYSTEMS, INC.

                        Defendant.

-----------------------------------------------------------

## CLASS ACTION COMPLAINT

### *Introduction*

1.    Plaintiff seeks redress for the illegal practices of Transworld Systems, Inc. concerning the collection of debts, in violation of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, et *seq.* ("FDCPA").

### *Parties*

2.    Plaintiff is a citizen of the State of New York who resides within this District.

3.    Plaintiff is a consumer as that term is defined by Section 1692(a)(3) of the FDCPA, in that the alleged debt that Defendant sought to collect from Plaintiff is a consumer debt.

4.    Upon information and belief, Defendant's principal place of business is located in Pennsylvania.

5.    Defendant is regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

6.     Defendant is a "debt collector" as that term is defined by the FDCPA, 15 U.S.C. § 1692(a)(6).

## *Jurisdiction and Venue*

7.     This Court has federal question jurisdiction under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1331.

8.     Venue is proper in this district pursuant to 28 U.S.C. § 1391(b), as the acts and transactions that give rise to this action occurred, in substantial part, in this district.

## *Allegations Particular to Mark H. Miller*

9.     Upon information and belief, on a date better known by Defendant, Defendant began to attempt to collect an alleged consumer debt from the Plaintiff.

10.    On or about April 3, 2022 Defendant sent the Plaintiff a collection letter seeking to collect a balance allegedly incurred for personal purposes.

11.    Said collection letter is addressed to Mark Goldblat.

12.    The collection letter concerns a laboratory charge from Quest Diagnostics.

13.    The charge at issue concerns a test or tests taken of the Plaintiff's wife, Eleonora Goldblat.

14.    The Plaintiff, Mark H. Miller, has no financial responsibility for the laboratory tests of his wife, Eleonora Goldblat.

15.    The Plaintiff's name is Mark H. Miller, and it is not Mark Goldblat.

16.    Even though on the face of the collection letter at issue the Defendant has dunned a not existent party, the Defendant has presumably dunned the husband/Plaintiff Mark H. Miller, in fact there is no person at the address in question named Mark Goldblat.

17.    One can make the reasonable inference that the letter is directed to Plaintiff Mark H. Miller.

18. Quest presumably has turned over the account to Defendant and has directed Defendant to dun the husband, even though the husband/Plaintiff has no liability or responsibility for payment of the debt.

19. Plaintiff is merely the policyholder of the insurance policy.

20. Plaintiff is not the responsible party.

21. Plaintiff was afraid, anxious and nervous, inter alia, that if the Plaintiff fails to pay the debt, the Defendant would report the debt on Plaintiff's credit report.

22. Subsequent to the receipt of the April 3, 2022 collection letter, the Plaintiff paid the debt with a credit card via the defendant's online payment system.

23. After having entered the payment information, Plaintiff confirmed that the credit card transaction was successful, and the bill was paid.

24. After having made the payment, the Plaintiff received a follow-up letter from the Defendant dated April 29, 2022.

25. Said letter states in part: "In the event that we are notified in the future that your payment was returned due to non-sufficient funds or was otherwise reversed or unpaid by your financial institution, this letter will be void."

26. The Plaintiff did not pay by check where there could be an issue of insufficient funds.

27. The Plaintiff used a credit card which was charged accordingly.

28. Upon receipt of the said April 29, 2022, Plaintiff was confused and angry.

29. As stated, in good faith, Plaintiff made payment via credit card, but was left in doubt as to whether the credit card payment went through.

30. Plaintiff has knowledge that the Defendant reports debts to the credit bureaus.

31. Plaintiff has experience in that a prior debt was reported to the credit bureaus.

32.    Therefore, Plaintiff was weary that if the Plaintiff did not pay the debt, then the debt would be reported.

33.    Plaintiff is aware that even if he disputed the debt that it was not his debt, it could still be reported on his credit reports.

34.    Plaintiff did not want that to happen.

35.    Defendant violated 15 USC 1692e, 1692e(10) and 1692f.

36.    Plaintiff has had his own unsavory history with a laboratory bill for his own tests.

37.    Plaintiff's own experience prompted him to be fearful of his credit and pay his wife's laboratory bill.

38.    Plaintiff had an outstanding bill of $52.87.

39.    Plaintiff disputed the said charge of $52.87.

40.    Defendant responded on May 6, 2022 with verification of the debt, and that the bill would be reflected as disputed on the Plaintiff's credit reports.

41.    Plaintiff contacted the Defendant via telephone in order to obtain the registration number in order to pay the debt online.

42.    On or about May 27, 2022, the Plaintiff attempted to pay the debt.

43.    Plaintiff received confirmation from the Defendant's website that the payment was scheduled to be processed that day, namely May 27, 2022.

44.    The Plaintiff's credit card company has no record of the charge having ever been processed.

45.    On or about June 21, 2022 Plaintiff yet again attempted to pay the debt of $52.87.

46.    Plaintiff made sure he entered all of his information correctly.

47.    Plaintiff received a "thank you" message from the website and a representation that the

payment was scheduled for June 21, 2022.

48.  The Plaintiff confirmed with the credit card company that the said payment from June 21, 2022 was not processed by the Defendant.

49.  Plaintiff has been damaged in that the credit bureaus continue to report the debt as due and owing when the Plaintiff has attempted in good faith on two occasions, as set forth herein, to pay the debt.

50.  Plaintiff suffered injury in fact by being subjected to unfair and abusive practices of the Defendant.

51.  Plaintiff suffered injury by being dunned for a debt which he did not owe.

52.  Plaintiff suffered actual harm by being the target of the Defendant's misleading debt collection communications.

53.  Defendant violated the Plaintiff's right not to be the target of misleading debt collection communications.

54.  Defendant violated the Plaintiff's right to a truthful and fair debt collection process.

55.  Defendant used materially false, deceptive, misleading representations and means in its attempted collection of Plaintiff's alleged debt.

56.  Defendant's communications were designed to cause the debtor to suffer a harmful disadvantage in charting a course of action in response to Defendant's collection efforts.

57.  The FDCPA ensures that consumers are fully and truthfully apprised of the facts and of their rights, the act enables them to understand, make informed decisions about, and participate fully and meaningfully in the debt collection process. The purpose of the FDCPA is to provide information that helps consumers to choose intelligently. The Defendant's false representations misled the Plaintiff in a manner that deprived him of his

right to enjoy these benefits, these materially misleading statements trigger liability under section 1692e, 1692e(10) and 1692f of the Act.

58.     These deceptive communications additionally violated the FDCPA since they frustrate the consumer's ability to intelligently choose his or her response.

59.     As an actual and proximate result of the acts and omissions of Defendant, Plaintiff has suffered including but not limited to, fear, stress, mental anguish, emotional stress and acute embarrassment for which he should be compensated in an amount to be established by a jury at trial.

## AS AND FOR A CAUSE OF ACTION

***Violations of the Fair Debt Collection Practices Act brought by Plaintiff on behalf of himself and the members of a class, as against the Defendant.***

60.     Plaintiff re-states, re-alleges, and incorporates herein by reference, paragraphs one (1) through fifty-nine (59) as if set forth fully in this cause of action.

61.     This cause of action is brought on behalf of Plaintiff and the members of three classes.

62.     Class A consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 3, 2022; and (a) the collection letter was sent to a consumer seeking payment of a personal debt purportedly owed to Quest Diagnostics; and (b) the collection letter was not returned by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained violations of 15 U.S.C. §§ 1692e, 1692e(10) and 1692f for dunning the wrong party.

63.     Class B consists of all persons whom Defendant's records reflect resided in the State of New York and who were sent a collection letter in substantially the same form letter as the letter sent to the Plaintiff on or about April 29, 2022 where the debt was paid by credit

card; and (a) the collection letter was sent to a consumer seeking payment of a personal

debt purportedly owed to Quest Diagnostics; and (b) the collection letter was not returned

by the postal service as undelivered; (c) and the Plaintiff asserts that the letter contained

violations of 15 U.S.C. §§ 1692e and 1692e(10).

64.  Class C consists of all persons whom Defendant's records reflect resided in the State of

New York and who attempted in good faith to pay the debt on the Defendant's website

and where the payment was not processed and that Plaintiff asserts that the Defendant  is

in violation of 15 U.S.C. §§ 1692e and 1692e(10) for engaging in deceptive acts.

65.  Pursuant to Federal Rule of Civil Procedure 23, a class action is appropriate and preferable

in this case because:

A.  Based on the fact that a form collection letter is at the heart of this litigation,

the class is so numerous that joinder of all members is impracticable.

B.  There are questions of law and fact common to the class and these questions

predominate over any questions affecting only individual class members. The

principal question presented by this claim is whether the Defendant violated

the FDCPA.

C.  The only individual issue is the identification of the consumers who received

such collection letters (*i.e.,* the class members), a matter capable of ministerial

determination from the records of Defendant.

D.  The claims of the Plaintiff are typical of those of the class members. All are

based on the same facts and legal theories.

E.  The Plaintiff will fairly and adequately represent the class members' interests.

The Plaintiff has retained counsel experienced in bringing class actions and

collection-abuse claims. The Plaintiff's interests are consistent with those of the members of the class.

66.   A class action is superior for the fair and efficient adjudication of the class members' claims. Congress specifically envisions class actions as a principal means of enforcing the FDCPA. 15 U.S.C. § 1692(k). The members of the class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

67.   Prosecution of separate actions by individual members of the classes would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties and would not be in the interest of judicial economy.

68.   If the facts are discovered to be appropriate, the Plaintiff will seek to certify a class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

69.   Collection attempts, such as those made by the Defendant are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

### *Violations of the Fair Debt Collection Practices Act*

70.   The Defendant's actions as set forth above in the within complaint violates the Fair Debt Collection Practices Act.

71.   Because the Defendant violated the Fair Debt Collection Practices Act, the Plaintiff and the members of the class are entitled to damages in accordance with the Fair Debt Collection Practices Act.

WHEREFORE, Plaintiff, respectfully requests preliminary and permanent injunctive relief, and that this Court enter judgment in his favor and against the Defendant and award damages as follows:

A. Statutory damages provided under the FDCPA, 15 U.S.C. § 1692(k);

B.  Attorney fees, litigation expenses and costs incurred in bringing this action; and

C.  Any other relief that this Court deems appropriate and just under the circumstances.

Dated: Woodmere, New York
June 30, 2022

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein, P.C.  (AF-9508)
Attorney at Law
**Attorney for the Plaintiff**
735 Central Avenue
Woodmere, New York 11598
Telephone: (516) 668-6945
Email: fishbeinadamj@gmail.com

Plaintiff requests trial by jury on all issues so triable.

_____/s/ Adam J. Fishbein_____
Adam J. Fishbein (AF-9508)